## JNO. C. M. GARLAND *et als. v.* ALLEN WEST & CO.

1. BILLS AND NOTES. *Principal and surety. Demand and protest. Days of grace.* Where a statute does not allow grace upon a note, a protest upon the last day the note has to run is good, and will bind the endorsers. Though the maker has all of this day in which to pay the note, yet it is the day of the note's maturity, and demand may be made before the close of the day.

Case cited: Coleman *v.* Ewing, 4 Hum., 241.

2. SAME. *Same. Pleading and practice. Evidence.* Where the declaration avers, in general terms, that the note was presented "at maturity" and payment demanded, etc., and upon this there is plea denying the demand, etc. *Held,* that under sec. 2939 of our Code, evidence may be introduced to prove the statute of another State, where the note fell due, as to the days of grace, demand and protest, etc., allowed in such State.

Code cited: Section 2939.

### FROM MADISON.

Appeal from the Law Court. R. W. HAYNES, Special Judge.

CAMPBELL & McCORRY and J. L. BROWN for plaintiffs.

MUSE & BUFORD for defendants.

McFARLAND, J., delivered the opinion of the court

Jno. L. Lancaster & Son made their note at Jackson, Tennessee, 28th August, 1872, papable ninety days after date, to John C. M. Garland or order, at the

office of Allen West & Co., Mobile, Alabama, for
$5,641.01, with ten per cent. after maturity. This
note was endorsed by Garland and Alex. Futrell, and
was discounted by Allen West & Co. for Lancaster
& Son., Garland and Futrell being accommodation en-
dorsers. This action is by Allen West & Co. upon
the above note, and the question is as to the liability
of the endorsers. Payment was demanded and the
note protested on the 26th day of November, 1872,
which was ninety days from date, excluding the day
of the execution, so that the demand was made with-
out allowing the three days of grace. The plaintiffs,
in order to show that the note was not entitled to
" grace," introduced in evidence certain sections from
the Code of Alabama, to-wit: Sec. 1525, "Bills of
exchange and promissory notes, payable in money, at
a bank or private banking house, are governed by
the commercial law, except so far as the same may
be changed by this Code." Sec. 1526, "All other
instruments payable in money at a bank or private
banking house, are governed by the commercial law
as to days of grace, protest and notice." Sec. 1527,
" No days of grace are allowed on any contracts, ex-
cept those enumerated in the two preceding sections."
And the plaintiffs also proved that the office of Allen
West & Co. was not a bank or private banking house.
The defendants objected to this testimony, upon the
ground that the plaintiffs' pleading did not allege that
three days of grace were not allowed by the laws of
Alabama, and did not contain such averments as au-
thorized them to prove a foreign law, and the objec-

tion was overruled. The declaration avers in general terms that the note was presented " at maturity " and payment demanded, etc. There is no averment as to the day of the demand, or whether the days of grace were or were not allowed. One plea denies the demand at the maturity of the note, and upon this there was issue. We hold that there was no error in the action of the court in admitting the evidence, especially under the section of pleading adopted by our Code, a form substantially like the present declaration is prescribed. See sec. 2939. Had the declaration averred demand on a particular day, and it had appeared on the face of the declaration, that according to the common law, this was not the right day, then it would have been proper in order to avoid a demurrer to have averred the laws of Alabama, and the facts which rendered the note payable on the day of the demand. The averment here, however, is simply a demand " *at maturity.*" The day of maturity was a mixed question of law and fact, and the issue was properly made, at least under our Code. 2. It is next insisted that conceding that the note was not entitled to grace, that it was not subject to protest on the 26th of November. It is not denied that the 26th of November was the ninetieth day, excluding the day of the execution, and it is not denied that this was the day the note was payable, if not entitled to grace. It is argued, however, that by the contract the maker was entitled to the whole of that day in which to make payment, and was not liable to be sued until the next day. It is conceded that where the

three days of grace are allowed, the demand and pro-
test may be made on the third day; but it is argued
that it does not follow from this, that where grace
is not allowed, the demand and protest may be made
on the day the note is payable by the contract.    The
difference being, that the same custom which allows
the days of grace, allows also the demand to be made
on the third day.    It is said this is an open ques-
tion.    We have found no statements in the rule in
such cases.    In *Coleman* v. *Ewing*, 4 Hum., 241, it
was held that demand might be made and suit brought
on the last day of grace, because such was the cus-
tom, and the custom made the law.    It is said that
in contracts not negotiable the payer has the last
moment of the last day on which the contract fell
due to discharge the same, and that he cannot be
sued until after that time.    But the *demand* must be
made at maturity, not afterwards, according to com-
mercial usage, and upon this the liability of the en-
dorser depends.    The maturity is either the day the
note falls due by the contract, or on the third day
of grace; a demand made the day after maturity,
would be too late.    It is settled that a demand made
during the business hours of the day of maturity is
sufficient.    It is not necessary to wait until the last
moment of the day.    Although by the contract the
maker has the whole of that day in which to pay,
yet by the law merchant, or the custom which con-
stitutes the law in this regard, it is a part of the
implied contract of the endorser, that his liability shall
be fixed by a demand made on the day of maturity

Garland *v.* Allen West & Co.

and notice of non-payment. We hold that the demand was properly made on the 26th November.

It is again argued that as this note was endorsed for accommodation of the maker, to be discounted in Alabama, that the liability of the endorser must be determined by the laws of that State. Section 1543. The liability of the endorser in such case must be fixed by a suit brought against the maker in the county of his residence, to the first court to which suit can properly be brought; to be followed after judgment by execution. We have not access to the reports of Alabama, to see what construction has been put upon this section, but we find in a subsequent section, among other exceptions, that the holder of such endorsed paper is excused from bringing suit, etc., when the maker has no known place of residence in the State. This exception, we take it, applies to the present case, and is a complete answer to the position assumed.

Other objections have been urged, but we think they are not tenable. The liability of the endorsers was fixed by demand, protest and notice, and the judgment must be affirmed.